IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

REGINALD O. SIMPSON                                                                 PLAINTIFF

VS.                                                        CIVIL ACTION NO. 5:10cv15-DCB-MTP

CHRISTOPHER EPPS, et al.                                                         DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 22, 2010. The Plaintiff appeared *pro se*, Defendants Christopher Epps and Emmitt Sparkman were represented by attorney Charles Irvin, and Defendants Jacquelyn Banks and Shirley Brown were represented by attorney Chris Espy. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi.

1

testimony during the *Spears* hearing.[3]

Plaintiff claims that on August 10, 2009 he was returning from the dining hall and before the hallway had cleared and the security gate had been closed, Defendant Shirley Brown, an officer at WCCF, opened the door to the other "section" or "zone" and four gang members came out into the hallway and attacked him.[4] Plaintiff claims that the four inmates stabbed him with shanks 18 times in his back and stomach. He believes that Brown was involved in the attack - specifically, that his attackers paid her so that she would open the door. This belief is based upon Plaintiff's prison experience, as well as what he has heard from other inmates who are gang members. As a result of the foregoing, Plaintiff asserts claims of failure to protect and use of excessive force against Brown.

Following the incident, Plaintiff claims that he was taken to the clinic and was then taken by ambulance to Centreville Hospital, where his wounds were dressed and stitched and he stayed for a day and a half. Then he was taken back to WCCF where, according to Plaintiff, he was kept in a "dungeonlike cell" for the next seven days. Plaintiff explained that this cell had no windows, the lights remained on 24 hours a day, and the bed was on a concrete slab only a few inches above the floor. Plaintiff testified that he did not know why he was in this cell. Plaintiff claims that while in this cell he was not getting the medical attention he needed: pain medication and bandage changes. However, Plaintiff conceded that if he banged on the door someone would come change his bandages, and after his first two days in the cell he started receiving pain medication. After seven days, Plaintiff claims he was transferred to Central Mississippi

---

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4] Plaintiff explained that according to policy, only one section or zone can eat at once.

2

Correctional Facility (CMCF).

When asked to clarify his claims against Warden Jacquelyn Banks, Plaintiff testified that while he was in the "dungeonlike cell" he was complaining to her that he was not receiving his pain medications, that he was bleeding through his bandages and that he could not get off his bed to get his food trays, but she was not responsive. Plaintiff claims that he complained to Banks in person on one occasion. At that time, Plaintiff claims that he asked her why he was in that cell, and she told him that he would be there until a decision was made to move him.

Plaintiff claims that prior to his arrival at WCCF[5], while he was at SMCI he had been placed on Security Threat Group (STG) status. He was apparently taken out of STG status prior to his transfer to WCCF, but was placed on STG status at some point after the instant lawsuit was filed. Plaintiff is not currently on STG status, but is housed in an STG unit. Plaintiff claims he never should have been placed on STG status. He claims that he has complained to both Christopher Epps and Emmitt Sparkman, stating that he believed his life was in danger because he was not a gang member yet was being housed with gang members. Plaintiff also claims that he was placed on STG status in retaliation for a lawsuit he had filed in 2006 against Epps and Sparkman in the Northern District of Mississippi for use of excessive force.[6] He claims that the day after he filed the lawsuit he was placed on STG status, which he claims is the same thing that happened in this case. Plaintiff also asserts a claim of failure to protect against Epps and Sparkman, based on the alleged assault at WCCF. Plaintiff claims that when he arrived at WCCF he told Epps and Sparkman that he was being threatened a lot by gang members, but they did not do anything.

---

[5] Plaintiff claims that he arrived at WCCF from SMCI at the end of May 2009.

[6] Plaintiff avers that he won this lawsuit in 2009.

Plaintiff testified that he is currently suffering from breathing problems, as well as decreased use of his left arm, as a result of the alleged attack. He claims that he needs physical therapy for his arm, as well as breathing treatments, but he is not receiving either.

In summary, Plaintiff appears to be asserting claims for failure to protect, delay/denial of medical treatment and retaliation.

**2. DISCOVERY ISSUES**

Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any sick call requests and responses thereto; a copy of any incident report or other documents relating to the alleged attack of August 10, 2009; a copy of any ARP documents relating to Plaintiff's STG status, the alleged attack of August 10, 2009, and Plaintiff's efforts to obtain medical treatment following the attack; a copy of any correspondence to or from the Defendants regarding any of the claims asserted herein; and any photographs of Plaintiff depicting his condition after the alleged attack, to the extent those documents have not already been produced.[7] If Defendants obtain any outside medical records, they shall produce a copy to Plaintiff within ten days of their receipt.

At the hearing, Plaintiff also requested a copy of the MDOC's STG policy, to which the MDOC defendants objected. The court directs Defendants to produce to Plaintiff a copy of those portions of the STG policy that discuss the purposes of the policy, as well as the criteria and process for inmates' placement in STG status. To the extent that any particular part of the policy raises a security or confidentiality concern to Defendants, they may submit those parts to the court for an *in camera* review.

There are no other discovery matters pending at this time, except for those set forth

---

[7] At the omnibus hearing, the WCCF defendants produced to Plaintiff his entire prison file.

herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 3. PENDING MOTIONS

Prior to the hearing, Plaintiff filed a Motion [24] for Transfer. In the motion, Plaintiff claims that although he is not on STG status, he is housed in an STG unit with the same inmates who "called the hit" on him, and they have been threatening him. Accordingly, he requests a transfer to a different state facility. The court finds that a written response from the MDOC defendants would be helpful in considering this motion. Accordingly, the MDOC defendants shall submit a written response to the Motion [24] on or before May 10, 2010.

### 4. MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any sick call requests and responses thereto; a copy of any incident report or other documents relating to the alleged attack of August 10, 2009; a copy of any ARP documents relating to Plaintiff's STG status, the alleged attack of August 10, 2009, and efforts to obtain medical treatment following the attack; a copy of any correspondence to or from the Defendants regarding any of the claims asserted herein; any photographs of Plaintiff depicting his condition after the alleged attack; and a copy of those portions of the MDOC's STG policy that discuss the

purposes of the policy, as well as the criteria and process for inmates' placement in STG status, to the extent those documents have not already been produced.

2. The MDOC defendants shall submit a written response to Plaintiff's Motion [24] for transfer on or before May 10, 2010.

3. The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

4. This order may be amended only by a showing of good cause.

5. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 3rd day of May, 2010.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge