**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**REGINALD O. SIMPSON**                                                                                        **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 5:10cv15-MTP**

**CHRISTOPHER B. EPPS, et al.**                                                          **DEFENDANTS**

## **ORDER**

THIS MATTER is before the court on the Plaintiff's Motion for Temporary Restraining Order [22] and Motion for Transfer [24]. Having considered the submissions of the parties and the applicable law, the court finds that the Motions [22] [24] should be DENIED.

In his Motion for Temporary Restraining Order [22],[1] Plaintiff states that Defendants have created an unreasonable risk to his health and safety by housing him with gang members at the South Mississippi Correctional Institution ("SMCI"). Specifically, he claims he is housed in a Security Threat Group ("STG") unit with dangerous gang members, despite the fact that he is not a gang member. As a result, Plaintiff claims he is subject to threats and harassment and that his life is in danger. He further claims he is being housed with the same gang members who ordered an assault on him on August 10, 2009, while he was housed at Parchman. Plaintiff claims he has written to the Christopher Epps and Emmitt Sparkman and they have failed to take any action. He seeks an order from the court removing him from the "dangerous" conditions at SMCI.

In his Motion for Transfer [24], Plaintiff seeks to be transferred to another state facility based on the same facts alleged above.

---

[1]Although no actual "motion" was filed, Plaintiff filed a "Notice of Motion" [21] for a Temporary Restraining Order and a Memorandum of Law [22] in support of a TRO. Liberally construing Plaintiff's pleadings, the court is treating Plaintiff's Memorandum [22] as a motion.

In their Responses [28][31], the MDOC Defendants argue that Plaintiff has failed to show the necessary elements to be entitled to the extraordinary relief a temporary restraining order. In support of their position, Defendants submitted the affidavit of Emmitt Sparkman, whose sworn testimony reflects that Plaintiff is in "close custody" and no direct contact is allowed with the inmates identified by Plaintiff via the red-tag process. *See* Affidavit, Ex. A [28-2]. Mr. Sparkman further states that Plaintiff is not currently designated on STG status, but has been classified as a long-term segregation ("LTS") inmate due to his 43 major violations of prison rules while incarcerated. Mr. Sparkman states that he has received correspondence from Plaintiff regarding his safety fears, and the proper steps have been taken to provide for Plaintiff's safety at SMCI. Given Plaintiff's history, Mr. Sparkman states that Plaintiff's current housing unit is the best place to house such a "high security risk" inmate. *Id.*

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to show a substantial threat that failure to grant the injunction will result in irreparable injury. As set forth above, the MDOC is mindful of, and has considered, Plaintiff's concerns and

has set forth a substantial compelling basis to support its decisions with respect to Plaintiff's housing and/or custody designations. Accordingly, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.

Moreover, it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979). Here, Plaintiff has failed to offer substantial evidence that the MDOC's decision to house him in his current location is patently unreasonable. In addition, the court will rarely involve itself in decisions relating to where inmates should be housed. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional right to be incarcerated in a certain facility or unit); *Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002).

Based on the foregoing, Plaintiff's motions should be denied. Accordingly,

IT IS, THEREFORE, ORDERED:

That Plaintiff's Motion for Temporary Restraining Order [22] and Motion for Transfer [24] are DENIED.

SO ORDERED this the 17th day of May, 2010.

    s/ Michael T. Parker
    United States Magistrate Judge