**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**REGINALD O. SIMPSON**                                                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 5:10cv15-MTP**

**CHRISTOPHER EPPS, et al.**                                                  **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on the Motion to Reconsider [50] filed by Plaintiff. The court having considered the motion finds that it should be DENIED.

In his Motion [50], Plaintiff asks the court to reconsider its Order [32] denying his Motion [22] for a temporary restraining order. In his original Motion [22], Plaintiff stated that Defendants have created an unreasonable risk to his health and safety by housing him with gang members at the South Mississippi Correctional Institution ("SMCI"). Specifically, he claimed he is housed in a Security Threat Group ("STG") unit with dangerous gang members, despite the fact that he is not a gang member. As a result, Plaintiff claimed he is subject to threats and harassment and that his life is in danger. He further claimed he is being housed with the same gang members who ordered an assault on him on August 10, 2009, while he was housed at Parchman. In its Order [32] denying the Motion [22], the court held that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to show a substantial threat that failure to grant the injunction will result in irreparable injury.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal

Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. As Plaintiff has failed to demonstrate any of these grounds, the motion must be denied. Accordingly,

---

[1]Rule 59(e) is not technically applicable to Plaintiff's Motion [50] since the Order [32] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [50] is DENIED.

SO ORDERED this the 26th day of July, 2010.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge